Case No. 24-3787, USA v. Philroy Johnson Oral argument, 15 minutes per side Ms. Akron, for the appellant Good morning, your honors Abigail Akron, on behalf of the defendant appellant, Mr. Philroy Johnson I would like to reserve 3 minutes for rebuttal Fine May it please the court The district court in this case abused its discretion when it revoked Mr. Johnson's supervised release and imposed a 24-month sentence, that being the statutory maximum and the high end of the guideline range to punish Mr. Johnson for a serious offense As this court is aware, the Supreme Court earlier this year in Asteris explained that district courts may not consider the retributive purposes of sentencing when revoking an individual's supervised release and imposing a revocation sentence Because that is what the district court did here this court should vacate and remand for resentencing that comports with Asteris Now when we look at the district court's explanation of its sentence of 24 months for Mr. Johnson the district court, in explaining his sentence, stated the following It began by stating, however here we have egregious circumstances as described in the report Then the court laid out the facts of Mr. Johnson's violation conduct Then the court, in beginning to conclude and impose its sentence, stated This is not a minor matter It's not the type of offense for which a sanction, a serious sanction, should not be imposed The court then continued and stated, but this is a serious matter and laid out Mr. Johnson's criminal history and then the court, right before concluding and imposing this 24-month sentence, states He's currently on supervision for possession of a firearm with an obliterated serial number and now we have this serious matter In response to that, Mr. Johnson's counsel objected because the court had considered these retributive purposes and the district court, unlike many others on which appeals regarding revocation of supervised release are coming at this time, the district court had the opportunity to correct itself but given the state of the law at the time and the fact that the 6th Circuit permitted district courts to consider the retributive purposes at this time the district court instead stated, alright, we'll just say generally given the nature of the circumstances of his criminal conduct But then it goes on, D.J. goes on to say, protecting the public is important and when individuals flee at a high rate of speed from law enforcement and nearly strike law enforcement officers, that's appropriate to consider So why is that not looking at the nature of the violation of the supervised release terms as opposed to what's explicitly prohibited in asteris, which is to consider the underlying offense which was the obliterated firearm So, Your Honor, here the district court did discuss the violation conduct but even in considering whether or not the district court may punish Mr. Johnson and the seriousness of his violation conduct asteris, particularly the concurring opinions of Justice Sotomayor and Justice Jackson explain that district courts should not be able to consider the retributive purposes of the violation conduct either But is it not protecting the public? I mean, that was something explicitly said by the D.J. Protecting the public is important and fleeing at high rate of speed is dreadful Yes, so the district court did consider one of the permissible factors but overall the reason that the district court imposed the statutory maximum sentence was to punish Mr. Johnson and we see that from its explanation of the sentence prior to objection and even after objection, the fact that the court was relying on backward looking and specifically his court continues to talk about his criminal history and even considering that the nature and circumstances of the criminal conduct is impermissible for the purpose of punishment and so because that's what the district court did here, this court should vacate and remand Now even we consider this court's precedence specifically the government submitted United States v. Patterson in a 28J letter when we consider even Patterson, that case is distinguishable for two reasons The first is that Patterson came before this court on plain error review This case, as indicated, comes before this court on abuse of discretion But second, in Patterson, the rule that comes out of Patterson is that district courts may rely on the seriousness of the supervised release violation as a breach of trust Here, because the district court was not imposing the sentence because of a breach of trust but instead for punishment, the district court was violating even this rule of Patterson in punishing Mr. Johnson for his violation conduct which flies in the face of what is permitted under a steris And when we consider some of the reasons why that is the case Justice Sotomayor lays out that there is a constitutional concern with punishing an individual for their violation conduct Don't you have a problem that her opinion was not the majority? No, Your Honor, we do not Because Justice Sotomayor says explicitly that her decision does not conflict with the majority opinion And so the majority opinion left open the question of whether or not district courts may consider retreatment purposes as it relates to the violation conduct And so it kind of left for circuit courts the ability to impose a rule like we're asking for here, that district courts may not consider the retreatment purposes as it relates to the violation conduct And there's that footnote 5 in the majority opinion in a steris that says we're not deciding about what can be done vis-a-vis the supervised release violation conduct We're just deciding about the underlying crime So we have Patterson and we have several other cases post-a steris that are published all of which are seemingly going down the path of breach of trust is an acceptable way to think about supervised release violation matters And so why the D.J. decided this before those cases and decided this case before a steris but knew a steris was on the upcoming Supreme Court decision just didn't know what way it was going to go So why isn't what the D.J. said here enough to constitute a breach of trust analysis? So here what the D.J. said does not refer to a breach of trust at all The district court here didn't even suggest that it was relying on breach of trust And even when we consider the district court's history with Mr. Johnson the district court for his underlying offense imposed a sentence of 60 months which was an upward variance from the guideline range When you look at a case like Johnson where the district court imposed a sentence of one day for the underlying offense and a three-year term of supervised release that looks more like a breach of trust Now just to be clear we would maintain that breach of trust is still not a permissible factor but ultimately in this case because the district court did not consider that and ultimately imposed this sentence to punish Mr. Johnson the district court impermissibly relied on retributive factors I would also direct this court to the Ninth Circuit which, albeit in dicta, has concluded that a court may not punish a defendant who has violated the terms of supervised release by engaging in criminal conduct That comes from United States v. Taylor which is found at 153 Federal Border 4th 934 and that was decided just a couple months ago So I'm sort of curious, what could the district judge here have said that would allow him to impose a significant term of imprisonment for the supervised release violations here? So here if the district court had stated that it was relying on the need to protect the public, to deter Mr. Johnson or to incapacitate him, those being the permissible purposes of sentencing then that would have been acceptable but here the district court instead relies on the egregious circumstances the need to impose a serious sanction and is displaying that ultimately it came to the decision that it needed to impose a 24-month sentence to punish Mr. Johnson Okay, but in the district court's commentary especially after your client's counsel asked hey judge, be aware of the stairs coming down the district judge said, protecting the public is important fleeing at high rate of speed is bad they nearly struck law enforcement then the district judge says in connection with consecutive time it's warranted given the nature of the offense which is the offense of the supervised release violation conduct i.e. the speeding away from the officers and important for useful purpose in deterring him in the future should he, when he's released from prison so he did mention the need to protect the public he did mention the need to deter and in a sense he's mentioned the need to incapacitate in the sense that keeping him in prison or imprisoning him now for a term of 24 months will incapacitate him Your Honor, but the district court's consideration of punishment is what ultimately drove the district court's decision to impose this statutory maximum sentence and the fact that this was happening prehistoric yes, counsel suggested that there might be something coming down the pipeline but as you also noted district court did not know which way that was going to come down and ultimately at the time the district court was permitted to consider retributive purposes and so by looking at the explanation and the way that it falls even before objection it really does provide a reasonable conclusion that the district court was relying on these impermissible factors and so at minimum this court should vacate and remand for the court to re-sentence Mr. Johnson with the help of a steris which lays out what a district court may consider or may not consider and also with a rule from this court that also reiterates as it did in Morris and Johnson and Patterson then relying on those cases that district courts may not punish an individual for the violation of conduct but they may, as it stands consider breach of trust though we would again reiterate that our position remains that breach of trust is not a permissible factor and so for these reasons we would ask that the court vacate and remand this case for re-sentencing. Thank you. Thank you. May it please the court, Matt Hall for the United States The district court considered only proper factors when it revoked Johnson's supervised release There's nothing to indicate that it intended to punish Johnson for his underlying offense which was possessing a firearm with an obliterated serial number My friend conflates the seriousness of the offense the obliterated serial number with the seriousness of the violation conduct and those are two separate things The Supreme Court made clear in a steris that it's improper to consider and punish for the seriousness of the offense conduct but the court took no position on whether district courts could consider the seriousness of the violation conduct when revoking supervised release and as Judge Moore pointed out that's in footnote 5 of the Supreme Court's opinion in the steris Aren't there things that are arguably looking at the prior offense conduct in other words where the district judge says I think it's appropriate for me to consider his prior record and criminal history The court says that and I think that's proper Your Honor for two reasons First, under 3553A1 which is one of the permitted factors in 3583E that goes to the defendant's history and characteristics and second, if you look at the steris opinion the Supreme Court explicitly says so if you'll give me just a moment A court may consider the nature and circumstances of the offense as relevant for the consideration set forth in 3553A2B, C and D namely deterrence, incapacitation and rehabilitation So sometimes what the defendant has previously done matters when deciding what is necessary to currently deter him to protect the public from him and to rehabilitate him So that's proper by the plain language of the statute 3553A1 and by the Supreme Court's own opinion and I believe that's at page 2043 It's headnote 12 in the version that I have I believe that's 145 Supreme Court at 2043 So I don't think it was improper for the district court to mention that he had other prior violent offenses or to at least mention the nature and circumstances of the original offense Why is that relevant to what you're saying in A2B, C, D deter, incapacitate or rehabilitate? Because district court judges always look at determining what is necessary to protect the public and to deter them because generally speaking a person's past conduct informs what is necessary A defendant who had no record, a limited record or a non-violent record might not need as significant a prison time to deter him in the future or to protect the public from him in the future So I think it's a relevant consideration And there's nothing in the record here that suggests that Judge Adams was looking to punish Mr. Johnson for possessing a firearm with an obliterated serial number here That offense title was mentioned one time when summarizing all of the defendant's prior criminal history which is something that district judges look at every day under 3553A1 for considering a defendant's personal history and characteristics So the feature is that this conduct that Mr. Johnson engaged in was fleeing from an attempted arrest, right? Yes At a high rate of speed nearly striking law enforcement officers Shouldn't he be prosecuted for that crime separately and not have the seriousness of that crime be evaluated in deciding what the length of the supervised release violation term should be? Partially, Your Honor Yes, he should be separately prosecuted and for retributive purposes An eye for an eye, the punishment portion of it That shouldn't come into the district court judge's decision But here we have a defendant who has been released and is under the supervision of the district court while he's freeing the community and finishing the last section of his sentence and the district court judge has the authority to determine whether to revoke that and in doing so, what would be necessary to deter the defendant in the future and to protect the public from him And the seriousness of the violation conduct informs that decision So a court, as this court set in Patterson should be able to consider it And I think that makes sense because hypothetically speaking let's say we have two defendants with similar backgrounds similar criminal histories who have committed similar, let's call them felon and possession offenses or similar drug offenses and they're each on three years of supervised release in the community One commits a new law violation, a misdemeanor, a petty theft The other one commits a new law violation a misdemeanor domestic violence I think that most of us would agree that for protection of the public purposes a longer term in prison might be necessary for the defendant who commits the domestic violence rather than the petty theft And those are the same violation with the same history by my hypothetical and they would be in the same guideline range A district court judge should have the authority to determine for that second individual a longer period of time is necessary to protect the public Similarly, if you have two people who commit similar grade C violations One defendant travels out of district without permission Another defendant tests positive for fentanyl on three occasions I think for deterrence purposes the second defendant if they have the similar history it would be reasonable for a district court judge to impose a higher sanction for it So I think that the seriousness of the sanction is a relevant and permissible consideration for a district court judge to use when determining what sanction to impose And I respectfully disagree with my friend that it appears that the district court was looking to punish In this case, the district court judge spoke only to the appropriate factors under 3553, not including A2A The district court says it's not a minor matter it's not the type of offense for which a sanction should not be imposed And the guidelines at that time specifically said that a district court may sanction the breach of trust And that's language that this court has used as well And so I don't think that there's any indication that the court was intending to take retribution, an eye for an eye to punish for the fleeing and looting But as the court made very clear in response to the Bostic question protecting the public is important And when individuals fly at a high rate of speed I think that's a matter that's appropriate for the court to consider So we believe that the district court judge here appropriately considered the proper 3553A factors There's no indication from the record that he intended to punish the defendant for the offense of conviction which was the possession of a firearm with an obliterated serial number And for these reasons we'd ask the court to affirm the revocation sentence in this case If there are no other questions I thank you for your consideration I want to make sure I understand your argument Is it or isn't it permissible to sentence at the revocation hearing for the revocation conduct? Our position is that it is not Well, I'll put a fine point on my answer to this question It is not permissible for the district court to consider the seriousness of the violation conduct to punish a defendant And so that also ties into the fact opposing counsel mentioned that the court used the language of sanction And when we look at United States v. Lewis the court in that case which permitted district courts to consider the retributive purposes of sentencing stated revocation sentences are similarly intended to sanction or analogously to provide just punishment for the offense violating supervised release And so the language of sanction points directly to the language of punishment from Lewis which is what Asteris, as this court held in Hoyle necessarily abrogated Second, when we consider the seriousness of this offense in concluding whether or not the district court should impose a higher sentence as opposing counsel discussed Again, the point is not that the district court is simply considering the seriousness of the offense but that it's considering the seriousness of that offense for retributive purposes Okay, and can you refresh for us what exactly do you see in what Judge Adams said that shows a retributive purpose? Yes, Your Honor So when we consider the fact that Judge Adams referred to the violation conduct as egregious circumstances then lays out the facts of that violation conduct and then concludes this is not a minor matter it's not the type of offense for which a sanction a serious sanction should not be imposed Again, he refers to it as a serious matter but then only a sentence before imposing the 24-month sentence He states he's currently on supervision for possession of a firearm with an obliterated serial number and now we have this serious matter 24 months is the appropriate sentence and so ultimately what the district court did here was it relied on the seriousness of Mr. Johnson's violation conduct and determined that he needed to be punished for that conduct and so we would just ask that this court vacate and remand his sentence The district judge doesn't say he needed to be punished, does he? No, but when we consider both the context of this case as pre-Esteris and the fact that the case that allows district courts to consider the retributive purposes of being lewis which states that, again, revocation sentences are similarly intended to sanction or analogously to provide just punishment for the offense and so in considering what the district court did here it sanctioned him to punish him Thank you, Your Honor Thank you both It's an interesting case and we appreciate your argument The case will be submitted